[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CLARIFICATION
On November 5, 1997, the undersigned issued a temporary restraining order against the defendant, Thomaston Board of Education in favor of the plaintiff, Kyle P. Packer, a senior student at the school as follows:
"That, for good cause shown, the undersigned is of the opinion that a Temporary Restraining Order ought to issue immediately."
"These are therefore, by authority of the State of Connecticut to command and restrain the Thomaston Board of Education and each of your officers, servants, agents, and employees to wholly and absolutely desist and refrain from enforcing the expulsion of KYLE PACKER from Thomaston High School until the return date of the Writ and Complaint and until further order of the court."
On January 9, 1998 the undersigned filed a memorandum continuing the temporary restraining order until further order of court, finding that:
Further, upon exhaustive questioning of the CT Page 110 school principal by Attorney Seaborne at the October 8, 1997 Board of Education hearing, it is clear that the action of the school administrators was arbitrary and without standards. . . . Further, upon exhaustive questioning of the school principal by Attorney Seaborne at the October 8, 1997 Board of Education hearing, it is clear that the action of the school administrator was arbitrary and without standards.
[20 CONN. L. RPTR. NO. 19, 651 (February 2, 1998.)]
In spite of the ruling that the action of the Board was arbitrary, the Board has refused to permit the plaintiff to participate in any extra-curricular activities. The plaintiff has now filed a motion to clarify its decision as to extra-curricular activities and asks the Court to order the Thomaston Board of Education and its agents and employees to restore the plaintiff's full rights and privileges as a student, including but not limited to participation in athletics, athletic events, any and all extracurricular activities as a regularly enrolled high school student in the Town of Thomaston.
The defendant's Student Handbook for 1997-1998 provides in part:
 In order to provide an in-school opportunity for organizations and clubs to meet, an Activity Period is set aside one period each" week. Students are encouraged to participate in one or more activities of their choosing. Students not participating in an organized activity are required to remain in their homeroom for a study period.
Athletics:
 Athletics are considered an integral part of the school's educational program. Whether participation is on the intramural, interscholastic, or class level, students have an opportunity to acquire qualities of fitness, self-discipline, and cooperation. Student interscholastic activities shall be governed by the Connecticut Interscholastic Athletic Conference (CIAC) regulations.
CT Page 111
Likewise there are numerous clubs for students listed in the Handbook and "other clubs may be established as interest develops." By its own official Handbook extra-curricular activities are recognized as "an integral part of the school's education program."
Emphasis added. "Educate" means to give moral, as well as intellectual and physical instruction. Fist National Bank TrustCo. v. Falligant, 67 S.E.2d 473, 47S, 208 Ga. 479. "Education" comprehends not merely instruction received at school or college, but whole course of training, moral, intellectual, and physical.Hooker v. Parkin, 357 S.W.2d 534, 540, 235 Ark. 218.
By its decision of January 9, 1998, the court ordered that the defendant reinstate the plaintiff to the Thomaston High School as a full time student. The effect of that order is to grant full education opportunities to the plaintiff Kyle P. Packer.
For the reasons stated, the plaintiff's motion for clarification is granted and the defendant is ordered to restore to the plaintiff, Kyle P. Packer full rights and privileges as a student, including, but not limited to participation in athletics, athletic events, and any and all extra-curricular activities as a regularly enrolled high school student in the Town of Thomaston.
HON. WALTER M. PICKETT, JR. State Judge Referee